**Rita ISHAM and Donna Isham b/n/f Betty Isham**

v.

**Caspar W. WEINBERGER, Secretary of Health, Education and Welfare.**

**Civ. A. No. 8168.**

United States District Court, E. D. Tennessee, N. D.

Aug. 14, 1973.

Jim D. Owen, Bank, Daniel & Campbell, Knoxville, Tenn., for plaintiffs.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This action was instituted by Betty G. Isham on behalf of her two minor children against the Secretary of Health, Education and Welfare, pursuant to Title 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Secretary adjusting and reducing their social security benefits in accordance with Title 42 U.S.C. § 403(a).

On December 8, 1972, the Appeals Council rendered its decision adjusting and reducing certain child's benefit awards of Rita and Donna Isham, the natural children of John C. Isham, the disabled wage earner, on the ground that the wage earner's second wife, Betty M. Isham, and his four step-children were also entitled to social security disability benefits on the social security account of the wage earner. This decision reversed the holding of the Hearing Examiner, who had determined that the second wife and step-children of John Isham were not entitled to benefits under Title 42 U.S.C. §§ 402(d) and 416(e).

From a review of the record, the following facts appear: On December 29, 1966, plaintiff filed an application for child's insurance benefits on behalf of the three legitimate minor children of plaintiff and John C. Isham, two of whom, Rita Ann and Donna Jo, are plaintiffs in this action. The wage earner then filed an application for disability insurance benefits and was found to be under a disability beginning December 24, 1966, with benefits payable effective July, 1967. Plaintiff was awarded benefits on behalf of herself and the minor children, also effective July, 1967.

On August 21, 1969, plaintiff was divorced from the wage earner in Roane County, Tennessee, the validity of which is not contested by either party to this action. Thereafter, on September 5, 1969, the wage earner married Betty Morrison (now Betty M. Isham), who had four children, Thomas A., Patricia A., Vickey L. and Keith E. Morrison, by a previous marriage, which children were taken by the wage earner as his step-children.

On September 2, 1970, Betty M. Isham filed an application for child's insurance benefits on behalf of her four minor children as the wage earner's step-children and on behalf of herself as the wage earner's wife. Benefits were awarded to the wage earner's second wife and step-children effective September, 1970, and the benefits accruing to plaintiff's two children, Rita and Donna, were thereby reduced.

Plaintiff requested a reconsideration of the award on the grounds that the benefits to the wage earner's natural children should not be reduced and that the natural father of the wage earner's step-children should bear the burden of their support. Upon a full hearing and after all interested parties were joined, the Hearing Examiner found that the wage earner's second wife and his step-children were not entitled to the benefits for which they applied and, therefore, the plaintiff and her children were entitled to full benefits on account of the wage earner, without reduction under the family maximum.

The decision of the Hearing Examiner was reversed by the Appeals Council on the grounds that the step-children of the wage earner qualified as children under Title 42 U.S.C. § 402(d) and that the application filed by wage earner's second wife on her behalf and on behalf of the step-children was not premature under 20 C.F.R. § 404.606. Plaintiff now asks this Court to review the decision of the Appeals Council as it relates to the reduction of social security child's benefits. Therefore, the sole issue under consideration is whether the Appeals Council applied the proper legal standards in concluding that the benefits payable to the plaintiff on behalf of her children, Rita and Donna, were subject to reduction under the applicable statutes and regulations.

Title 42 U.S.C. § 402(d) provides, in pertinent part, that:

"(1) Every child (as defined in section 216(e) [416(e) of this title] of an individual entitled to . . . disability insurance benefits, . . . if such child—

"(A) has filed application for child's insurance benefits,

"(B) at the time such application was filed was unmarried and (i) either had not attained the age of eighteen or . . . (ii) [was] under a disability . . . which began before he attained the age of 18, and

"(C) was dependent upon such individual—(i) if such individual is living, at the time such application was filed,

\*　　\*　　\*　　\*　　\*　　\*

(iii) if such individual had a period of disability which continued until he became entitled to . . . disability insurance benefits, . . . at the beginning of such period of disability or at the time he became entitled to such benefits,

shall be entitled to a child's insurance benefit.

\*　　\*　　\*　　\*　　\*　　\*

(4) A child shall be deemed dependent upon his stepfather . . . at the time specified in paragraph (1)(C) . . . if, at such time, the child was living with or receiving at least one-half of his support from such stepfather."

The term "child" is further defined in Title 42 U.S.C. § 416(e) as the child or legally adopted child of an individual and

". . . a stepchild who has been such stepchild for not less than one year immediately preceding the day on which application for child insurance benefits is filed . . ."

The thrust of plaintiff's argument is that the step-children of John Isham did not qualify for child insurance benefits because (1) the step-children had not been step-children of the wage earner for a period of one year preceding the filing of their application and (2) that even if the application was not premature so as to disqualify the step-children

under § 416(e), they did not meet the dependency requirement of § 402(d)(1)(C) in that they were not dependent upon the wage earner at the time he qualified for disability benefits. These contentions were basically the same as were propounded by the Hearing Examiner in initially denying the reduction.

As to plaintiff's first contention that the step-children failed to meet the requirements of § 416(e), the Appeals Council relied upon, in granting an apportionment, 20 C.F.R. § 404.606(b)(2), which provides, in pertinent part, that

"An application for disability insurance benefits filed after February 1960 will be accepted as an application for such benefits for months no earlier than September 1960 if it is filed ˙ not more than 9 months prior to the month for which the claimant could become entitled to such benefits; . . . An application filed within the 9-month . . . period, . . . shall be deemed filed in the first month for which the claimant could be entitled to such benefits, but not earlier than September 1960."

However, it should be recognized that the nine-month period provided in this regulation may conflict with the express terms of the Social Security Act as found in Title 42 U.S.C. § 416(e). That is to say that § 416(e) explicitly provides that in order for a stepchild to qualify as a child for purposes of benefits, he must have enjoyed the relationship with his stepfather for a period of not less than one year prior to making application. If this Court were to conclude that the regulation controlled, then the language of § 416(e) would be rendered meaningless.

On the other hand, the record clearly reflects that the wage earner here became the stepfather of these children on September 5, 1969, and that an application for child's benefits was filed on September 2, 1970, three days prior to the expiration of the statutory period. We are of the opinion that the claimants substantially complied with the statutory requirements since it would appear that at least by the time any action was taken upon the application, the step-children had met the periodic qualification requirements of § 416(e). For this reason, it is the opinion of the Court that plaintiff's first argument is without merit.

As to plaintiff's second contention, it is clear that in order for a "child" to qualify for benefits under § 402(d)(1)(C), he must be dependent upon the wage earner (1) at the time the application is filed and (2) if the wage earner has suffered a disability which continued until he became entitled to disability benefits, the child must be dependent upon the wage earner at the beginning of the period of disability or at the time he became entitled to benefits. Therefore, when § 402(d)(1)(C) is read only in conjunction with § 416(e), it would appear that in all cases where a step-child qualified as a "child" under § 416(e), he would necessarily have to be dependent upon the wage earner both at the time the step-child filed an application for benefits and when the wage earner either suffered the disability or when he qualified for benefits. This would in effect bar all step-children as potential claimants for benefits where their new father happened to have become qualified prior to his marriage to their mother whether or not the new father had children by a prior marriage. The Court is of the opinion that Congress inserted § 402(d)(4) into the statutory scheme so as to create two classes of children for purposes of dependency under § 402(d)(1)(C). Under § 402(d)(4), a step-child is deemed dependent upon the wage earner for purposes of § 402(d)(1)(C) if at the time the child files an application for benefits he is living with the wage earner or if the wage earner is providing at least one-half of the step-child's support. Even though the step-child may not have met the technical requirements of § 402(d)(1)(C)(iii), as are proscribed for

a natural child, he still may qualify as a dependent child for purposes of child's benefits under § 402(d)(4).

 Despite plaintiff's argument to the contrary, the record adequately reveals that the step-children involved in this case were living with the wage earner at the time an application for child's benefits was made on their behalf. Thus, while we recognize that the statutory provisions herein involved are at best ambiguous, it is the opinion of the Court that the decision of the Secretary to adjust the benefits accruing on account of John Isham's disability was based upon a legally proper application of the appropriate statutes and regulations.

Accordingly, it is ordered that the decision of the Secretary reducing the child's benefits of the plaintiff's children be, and same hereby is, affirmed.